IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 - 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01158-OES

FRAYNE AERON WISKUS,

Applicant,

v.

WARDEN HECTOR RIOS, JR., Warden of FCI Florence,
Federal Correctional Institution, Florence, CO,

Respondent.

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

Applicant Frayne Aeron Wiskus is a prisoner in the custody of the United States Bureau of Prisons who is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Wiskus has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He also has paid the $5.00 filing fee for a habeas corpus action.

The court must construe the application liberally because Mr. Wiskus is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Wiskus will be ordered to file an amended pleading.

The court has reviewed the application filed in this action and finds that the claims Mr. Wiskus asserts are not habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the

traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Wiskus is not challenging the validity of his conviction or the execution of his sentence. Instead, he challenges the conditions of his confinement. He specifically challenges his confinement in administrative detention.

Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, because the claims Mr. Wiskus raises in this action properly should be asserted in a civil rights action, he will be directed to file a Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Wiskus is reminded that he must allege facts in the Prisoner Complaint that demonstrate how each defendant personally participated in the asserted violations of his rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Wiskus must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Finally, the court notes that Mr. Wiskus has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. However, because Mr.

Wiskus's claims properly are asserted in a civil rights action, he must pay the $250.00 filing fee. *See* 28 U.S.C. § 1915(b)(1). The $5.00 filing fee he already paid will be treated as an initial partial filing fee pursuant to § 1915(b)(1). Therefore, Mr. Wiskus will be ordered to make monthly payments in accordance with § 1915(b)(2) until the $245.00 balance due on the filing fee is paid in full. Accordingly, it is

ORDERED that Mr. Wiskus file **within thirty (30) days from the date of this order** an amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Wiskus, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Wiskus submit sufficient copies of the amended pleading to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Wiskus fails within the time allowed to file an original and sufficient copies of an amended pleading that complies with this order to the court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that the $5.00 filing fee he already paid for a habeas corpus action will be treated as an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). It is

FURTHER ORDERED that, until the $245.00 balance due on the filing fee is paid in full, Mr. Wiskus shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Mr. Wiskus is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order. In order to show cause, Mr. Wiskus must file a current

certified copy of his trust fund account statement. It is

FURTHER ORDERED that if Mr. Wiskus fails to have the appropriate monthly payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that the petition filed on June 28, 2005, for a court order to stop the respondent from opening Mr. Wiskus' legal mail is denied as premature.

DATED at Denver, Colorado, this 1 day of July, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01158-OES

Frayne Aeron Wiskus
Reg. No. 07010-046
FCI – Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 7-1-05

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk